UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marquette Business Credit, Inc.,

      Plaintiff,

v.                                                Civil No. 08-1383 (JNE/FLN)
                                                   ORDER

International Wood, Inc., Sonak
Management LLC, Edward G. Gleason,
and Irwin A. Engelman,

      Defendants.

This is an action by Marquette Business Credit, Inc. (Marquette), against International Wood, LLC (International Wood)[1], Sonak Management LLC (Sonak), Edward G. Gleason, and Irwin A. Engelman. Before the Court is a letter request by defendants International Wood, Sonak and Gleason to postpone a motion hearing scheduled for November 21 to allow for expedited jurisdictional discovery. Marquette and Engelman have submitted letter responses. Marquette objects; Engelman does not. The parties' submissions assume that the rules applicable to citizenship of corporations apply to International Wood and to Sonak. It appears, however, that both are LLCs and not corporations. If so, different citizenship rules apply and the Complaint does not properly allege jurisdiction.

Marquette asserts that this Court has original subject matter jurisdiction over this action based on diversity of the parties. *See* 28 U.S.C. § 1332 (2006). Section 1332 provides in relevant part that a district court has original jurisdiction of a civil action where the matter in

---

[1]    Although the caption identifies International Wood as "International Wood, Inc.," the Complaint indicates that International Wood is a Delaware limited liability company. International Wood stated in its Amended Motion to Dismiss that it is misnamed in the caption and that its proper name is International Wood, LLC.

1

controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  In its Complaint, Marquette does allege the amount in controversy and that it is a Minnesota corporation with its principal place of business in Minnesota.[2]  Marquette alleges that International Wood "is a Delaware limited liability company with its principal place of business" in Texas and that Sonak "is a Delaware limited liability company with its principal place of business" in New York.  Marquette alleges that Engelman holds 20% of International Wood and that Sonak holds the other 80%.  Marquette also alleges that Sonak is "owned by Gleason and his wife" and that Gleason and Engelman are "residents" of New York.

For purposes of diversity jurisdiction, "an LLC's citizenship is that of its members."  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  The Complaint states the residency of Gleason and Engelman, but not their citizenship, and does not state the citizenship of Gleason's wife.  The distinction between residence and citizenship is well settled, and mere residence in a particular state is insufficient to determine citizenship.  *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  Having failed to allege the citizenship of the defendants, Marquette has not satisfied its burden to establish subject matter jurisdiction.  *See Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  Unless Marquette establishes the citizenship of International Wood, Sonak, Gleason, and Engelman by 5:00 p.m. on Monday, November 10, 2008, the Court will dismiss this action for lack of subject matter jurisdiction.

---

[2]  Defendants dispute the location of Marquette's principal place of business in their motions to dismiss for lack of subject matter jurisdiction.

3

Therefore, IT IS ORDERED THAT:

1. Marquette shall establish the citizenship of International Wood, Sonak, Gleason, and Engelman by 5:00 p.m. on Monday, November 10, 2008.

Dated: November 6, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
