UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marquette Business Credit, Inc.,

        Plaintiff,

v.                                                Civil No. 08-1383 (JNE/FLN)
                                                   ORDER

International Wood, Inc., Sonak
Management LLC, Edward G. Gleason,
and Irwin A. Engelman,

        Defendants.

This case is before the Court on the request of Marquette Business Credit, Inc. (Marquette), to reschedule a motion hearing from January 30, 2009, to December 17, 2008, and for an order requiring Defendants to file reply briefs instead of new memoranda. For the reasons set forth below, the Court denies the request.

Asserting diversity jurisdiction, Marquette brought this action against International Wood, LLC (International Wood),[1] Sonak Management LLC (Sonak), Edward G. Gleason, and Irwin A. Engelman. On July 14, 2008, Defendants filed Motions to Dismiss for lack of personal jurisdiction and improper venue. On August 19, Defendants amended their Motions to Dismiss to add lack of subject matter jurisdiction as a basis for dismissal. The motion hearing was scheduled for November 21. Defendants filed memoranda in support of their motions on October 7, and Marquette responded on October 31. On November 4, defendants International Wood, Sonak, and Gleason asked the Court to postpone the November 21 motion hearing to

---

[1] Although the caption identifies International Wood as "International Wood, Inc.," the Complaint indicates that International Wood is a Delaware limited liability company. International Wood stated in its Amended Motion to Dismiss that it is misnamed in the caption and that its proper name is International Wood, LLC.

1

allow for expedited jurisdictional discovery.  Engelman joined in the request on November 5, and Marquette objected to postponement on the same day.

On November 6, the Court noted that the parties had assumed the rules applicable to citizenship of corporations also applied to limited liability companies, that the rules governing citizenship of limited liability companies actually differ from those applicable to corporations, and that Marquette's jurisdictional allegations were deficient.  The Court therefore ordered Marquette to establish the citizenship of Defendants by November 10.  Marquette filed an Amended Complaint on November 6, and Defendants withdrew their Motions to Dismiss on November 10.  Defendants filed new motions to dismiss for lack of personal jurisdiction and improper venue on November 20, which are scheduled for hearing on January 30, 2009.

Marquette now asks the Court to reschedule the January 30 motion hearing to December 17, 2008.  Marquette observes that the opening and response briefs filed in connection with Defendants' August 19 motions address personal jurisdiction and venue and asks the Court to order Defendants to file their reply briefs relating to the August 19 motions rather than re-briefing the personal jurisdiction and venue arguments.  Defendants International Wood, Sonak, and Gleason reply that they would prefer to present a "streamlined" brief focused on personal jurisdiction and venue rather than asking the Court to determine which facts and legal arguments in the briefs filed in connection with the August 19 motions are germane to the November 20 motions.

Federal Rule of Civil Procedure 15(a)(3) provides that a party must respond to an amended pleading within the time remaining to respond to the original pleading or within ten days after service of the amended pleading, whichever is later.  Defendants timely responded to Marquette's Amended Complaint by filing their Motions to Dismiss on November 20.  *See* Fed.

R. Civ. P. 6(a)(1)-(2). The Court appreciates Marquette's concerns regarding delay, but much of the delay to date was occasioned by the parties' wasted effort stemming from their misapprehension of the applicable law. Nevertheless, the Court concludes that retaining the January 30 hearing date and allowing new briefing focused on personal jurisdiction and venue will facilitate the just determination of this action.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Marquette's request to reschedule the January 30, 2009, hearing and for an order requiring Defendants to file reply briefs instead of new memoranda [Docket No. 73] is DENIED.

Dated: November 26, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge