# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# FOURTH DIVISION

| | |
|---|---|
| Marquette Business Credit, Inc., <br><br> Plaintiff, <br><br> v. <br><br> International Wood, LLC, Sonak Management, LLC, Edward G. Gleason, and Irwin A. Engelman, <br><br> Defendants. | Court File No. 08-CV-1383 JNE/FLN <br><br> SUPPLEMENTAL AFFIDAVIT OF STEVEN R. LINDEMANN IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD WITHOUT SUBSTITUTION |

STATE OF MINNESOTA  )
                    ) ss.:
COUNTY OF HENNEPIN  )

STEVEN R. LINDEMANN, being duly sworn, deposes and says:

1. I have served as lead counsel representing defendants International Wood, LLC, Sonak Management, LLC and Edward G. Gleason throughout this litigation.

2. I have reviewed my correspondence file and affirm that the following facts are true to the best of my knowledge.

3. On September 20, 2010, all counsel place the basic terms of settlement on the record.

4. On September 28, 2010, Marquette's counsel circulates a draft settlement agreement that provides Marquette with unlimited time to reopen the settlement if Marquette is not satisfied with Gleason's financial disclosures.

8196455

5. On October 14, 2010, Gleason's counsel objects to the unlimited opportunity to reopen the settlement, proposes a 30-day time period and makes other comments on the settlement documents.

6. On November 10, 2010, Marquette circulates a new draft of the settlement documents that continues to allow Marquette an unlimited time period to reopen the settlement based on "omissions of material fact" in the financial disclosures.

7. On November 19, 2010, Gleason responds with further comments and repeats his position that the 30-day time limit should apply to any grounds that Marquette may have to object to the financial disclosures.

8. On December 20, 2010, Marquette circulates another draft settlement agreement that does not resolve the time limit issue.

9. On February 9, 2011, Gleason reiterates his position objecting to an open-ended time period and requiring a 30-day time limit.

10. On February 28, 2011, Marquette proposes new language adopting the proposed 30-day time limit but allowing for an exception that grants Marquette the ability to nullify the time limit "for any other reason that justifies relief."

11. On March 1, 2011, Gleason objects because Marquette's proposed broad exception swallows the rule of a 30-day limit.

12. On March 2, 2011, Marquette files a motion to enforce the settlement agreement and requests that the Court to impose an unlimited time period for Marquette to reopen the settlement based on Gleason's financial disclosures.

13. On April 28, 2011, Court holds hearing and determines that a 90-day time limit is appropriate for challenging the disclosures.

14. On May 3, 2011, Marquette circulates revised settlement documents incorporating the 90-day time limit.

15. On May 13, 2011, Gleason responds with request to provide financial disclosures before signing agreement.

16. On June 14, 2011, Marquette rejects Gleason's request.

17. On August 4, 2011, Marquette threatens further court action.

18. Leonard, Street and Deinard requests, and on August 10, 2011 Gleason signs, a Payment Agreement in which Gleason promises to make payments toward satisfying outstanding invoices.

19. On August 11, 2011, due to passage of time, Gleason requests that Marquette affirm in the settlement agreement that it will work with Gleason in good faith to pursue Hunter Douglas receivables.

20. On August 15, 2011, Gleason defaults on the Payment Agreement.

21. On August 23, 2011, Marquette refuses to affirm its good faith obligation to pursue Hunter Douglas receivables.

22. On September 2, 2011, Leonard, Street and Deinard moves to withdraw as counsel.

<u>s/ Steven R. Lindemann</u><br>
Steven R. Lindemann

Sworn to before me this 23rd
day of September, 2011

<u>s/ Paula J. Benson</u>
Notary Public