UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marquette Business Credit, Inc.,

      Plaintiff,

v().                                                     Civil No. 08-1383 (JNE/FLN)
                                                                 ORDER

International Wood, LLC; Sonak
Management LLC; Edward G. Gleason;
and Irwin A. Engelman,

      Defendants.

    Two motions are before the Court: (1) Marquette Business Credit, Inc.'s motion to enforce a settlement agreement and (2) a motion to withdraw without substitution filed by counsel for International Wood, LLC, Sonak Management LLC, and Edward G. Gleason. For the reasons set forth below, the Court orders Gleason and Sonak Management to execute a written settlement agreement. If they fail to comply, then they shall show cause, if any, why they should not be held in civil contempt.

    The trial of Marquette Business Credit's claims against Sonak Management, Gleason, and Irwin A. Engelman was scheduled to start on September 20, 2010.[1] That morning, the parties read the terms of a settlement into the record. The parties anticipated execution of a written settlement agreement. In early December 2010, the Court issued an Order for Dismissal in which it "reserv[ed] jurisdiction for ninety days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final settlement, or to

---

[1] The Court had previously granted summary judgment against International Wood.

1

seek enforcement of the settlement terms." Later, Marquette Business Credit moved to enforce the settlement agreement.[2]

According to Marquette Business Credit, the one issue that prevented the parties from executing a written settlement agreement related to the amount of time after Gleason and Sonak Management made financial disclosures that Marquette Business Credit would have to reopen any judgment entered in accordance with the settlement. Gleason and Sonak Management agreed:

> The sole issue that the parties have not been able to resolve is the length of time that Marquette has under the settlement agreement to challenge the accuracy of Edward Gleason's financial disclosures, and, if Marquette finds them fraudulent, to undo the settlement, to resurrect all of its claims against Mr. Gleason and Sonak Management, and to try Marquette's entire case to the Court.

On April 28, 2011, the Court resolved the dispute: 90 days.

Marquette Business Credit revised the settlement agreement and sent copies to Sonak Management, Gleason, and Engelman in early May 2011. Gleason and Sonak Management inexplicably did not execute the settlement agreement. An e-mail dated May 13, 2011, from their attorney to the other parties' attorneys states:

> I sent the revised agreement to my client right away, but I was not able to connect with him about this matter until today. [Gleason] would like to move forward with the financial disclosures now and make sure that Marquette has no issues with them before signing the agreement. He told me that he can provide current disclosures by next Wednesday. Marquette can take up to 90 days, but hopefully less time, to satisfy itself that there are no issues with the disclosures. As soon as Marquette makes that determination, the parties can sign the settlement agreement, and [Gleason] can start working with Marquette on collecting the Hunter Douglas receivables. That will avoid putting [Gleason] in a position of having to work with Marquette during the financial disclosure evaluation period and will give everyone an incentive to complete the evaluation of disclosures quickly.

---

[2] Marquette Business Credit also moved for the entry of judgment against International Wood. The Court granted the motion. *See* Fed. R. Civ. P. 54(b).

Approximately one month later, Marquette Business Credit rejected Gleason's proposal to disclose first and sign later.

By letter dated August 4, 2011, Marquette Business Credit's attorney informed counsel for Engelman and counsel for Gleason and Sonak Management of Marquette Business Credit's intent to proceed with all available remedies if an executed settlement agreement and a payment were not received by August 12. In a letter dated August 9, Marquette Business Credit's attorney acknowledged receipt of a phone call and letter from Engelman's counsel and expressed appreciation for Engelman's "execution of the written settlement agreement and willingness to perform under the settlement."[3] On August 11, counsel for Sonak Management and Gleason proposed a modification to the settlement agreement:

> I spoke with [Gleason] yesterday, and he has a significant concern about the agreement that I need to communicate to you. An important element of the settlement was [Gleason's] ability to reduce the amount that he would be required to pay based on assisting Marquette with obtaining a recovery from Hunter Douglas. Because almost a year has passed since we put the settlement on the record, [Gleason] is concerned that Marquette will no longer pursue any recovery from Hunter Douglas. [Gleason] would like to add the following third term to paragraph 4 of the settlement agreement: "c. Marquette's right to file the confessed judgment, and Gleason's obligation to pay the $150,000, is contingent upon Marquette's exercise of reasonable efforts to pursue collection of the Hunter Douglas accounts receivable, as described in paragraph 5 below."
>
> With this change, [Gleason] is ready to sign the agreement and move forward. Please confirm that this change is acceptable and send a revised agreement. I will forward it to [Gleason] for execution by the end of the week.

Marquette Business Credit rejected Gleason's proposed modification.

---

[3] In its memorandum in support of the motion to enforce the settlement agreement, Marquette Business Credit asserted that Engelman has not executed the settlement agreement. For present purposes, the Court assumes that Engelman has not executed the settlement agreement. If Marquette Business Credit receives an executed settlement agreement from Engelman before October 13, 2011, then Marquette Business Credit shall inform the Court in writing.

In early September 2011, counsel for Gleason, Sonak Management, and International Wood moved to withdraw without substitution. Less than two weeks later, Marquette Business Credit moved to enforce the settlement agreement. Counsel for Gleason, Sonak Management, and International Wood asked the Court to rule on the motion to withdraw "in sufficient time to allow for . . . Gleason to receive the ruling and to determine how best to respond to Marquette's pending motion to enforce the settlement agreement." With respect to its motion to enforce the settlement agreement, Marquette Business Credit "is willing to waive oral argument unless the Court prefers a hearing."

This case settled approximately one year ago. Several months ago, the Court resolved the "sole issue" that kept the parties from executing a written settlement agreement. Gleason has since professed his willingness to sign, subject to his proposals to disclose first and sign later, or to modify the agreement. Gleason and Sonak Management must end their quibbling. Within seven days of the date of this Order, Gleason and Sonak Management shall (1) execute the settlement agreement that Marquette Business Credit sent to them in early May 2011 (Exhibit A to the Second Supalla Declaration) and (2) deliver the executed written settlement agreement to Marquette Business Credit. If Gleason and Sonak Management fail to comply, then Gleason himself and counsel for Gleason and Sonak Management shall appear before the Court on October 13, 2011, at 9:30 a.m. and show cause, if any, why Gleason and Sonak Management should not be held in civil contempt. The Court will take under advisement the motion to withdraw without substitution either (1) after Gleason and Sonak Management deliver the executed written settlement agreement to Marquette Business Credit or (2) at the October 13 hearing.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Within seven days of the date of this Order, Gleason and Sonak Management shall (1) execute the settlement agreement that Marquette Business Credit sent to them in early May 2011 (Exhibit A to the Second Supalla Declaration) and (2) deliver the executed written settlement agreement to Marquette Business Credit.

2. If Gleason and Sonak Management fail to comply with paragraph 1, then Gleason himself and counsel for Gleason and Sonak Management shall appear before the Court on October 13, 2011, at 9:30 a.m. and show cause, if any, why Gleason and Sonak Management should not be held in civil contempt.

3. Within eight days of the date of this Order, Marquette Business Credit shall inform the Court in writing of whether Gleason and Sonak Management complied with paragraph 1.

4. The Court will take under advisement the motion to withdraw without substitution either (1) after Gleason and Sonak Management deliver the executed written settlement agreement to Marquette Business Credit or (2) at the October 13 hearing.

Dated: September 29, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge